PETER A. NYQUIST (SBN 180953)
pnyquist@greenbergglusker.com
BRIAN E. MOSKAL (SBN 240704)
bmoskal@greenbergglusker.com
SHERRY E. JACKMAN (SBN 274030)
sjackman@greenbergglusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067
Telephone: 310.553.3610
Facsimile: 310.553.0687

Attorneys for Plaintiff and Counter-Defendant
OCCIDENTAL RESEARCH CORPORATION &
Plaintiff GLENN SPRINGS HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCCIDENTAL RESEARCH CORPORATION, a California corporation; and GLENN SPRINGS HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CURTIS TAMKIN, in his capacity as Trustee of the Tamkin Family Trust dated August 23, 1979 and Successor Trustee of the Surviving Spouse Trust U/D/T dated August 23, 1979; and Does 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:17-cv-04621-R-PJW<br><br>**ORDER RE: JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>Assigned To: Hon. Manuel L. Real<br><br>Complaint filed: June 22, 2017 |

62352-00003/2912874.3

ORDER RE: JOINT STIPULATION FOR
PROTECTIVE ORDER CASE NO. 2:17-CV-
04621

Having read and considered the Parties' Joint Stipulation for a Protective Order and good cause appearing therefor,

IT IS HEREBY ORDERED AS FOLLOWS:

**1.      PURPOSES AND LIMITATIONS**

Discovery in this Action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and use for any purpose other than prosecuting or defending this litigation may be warranted.  Accordingly, the Parties hereby stipulated to and petitioned the Court to enter this Stipulated Protective Order ("Order").  The Parties acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledged, as set forth in Section 13.3, that this Order does not entitle them to file confidential information under seal.  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file under seal.

**2.      GOOD CAUSE STATEMENT**

This Action may involve valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Such confidential and proprietary documents and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly,

to expedite the flow of documents and information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such documents or information in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that documents or information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

3.1 Action: the instant action, *Occidental Research Corporation, et al. v. Tamkin*, United States District Court for the Central District of California Case No. 2:17-cv-04621, and includes any counterclaims, cross-claims, or third-party claims that have or will be filed.

3.2 Challenging Party: a Party or Non-Party that challenges the designation of documents or information under this Order.

3.3 "CONFIDENTIAL" Information or Items: documents, information (regardless of how it is generated, stored or maintained), or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the "Good Cause Statement" above.

3.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 Designating Party: a Party or Non-Party that designates documents or information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 <u>Disclosure or Discovery Material</u>: all documents or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as a consulting or testifying expert in this Action.

3.8 <u>In-House Counsel</u>: attorneys who are employees of a Party (and/or its corporate parent or affiliates)[1] to this Action, as well as their support staff. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and their support staff. Outside Counsel of Record also includes attorneys retained to represent third parties subject to subpoenas issued in this Action.

3.11 <u>Party</u>: any party to this Action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). Parties shall collectively mean each Party to this Action.

3.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

---

[1] Specifically, In-House Counsel for Plaintiffs shall include attorneys who are employees of Occidental Petroleum Corporation, the corporate parent of ORC and GSH, as well as their support staff.

3.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any documents or information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following documents or information: (a) any documents or information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any documents or information known to the Receiving Party before the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the documents or information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by orders of the Court.  This Order does not govern the use of Protected Material at trial.

**5.  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment in this Action and the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. DESIGNATING PROTECTED MATERIAL**

    6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates documents or information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of documents or information that qualify for protection so that other portions of the documents or information for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited under this Order. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that documents or information that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before it is disclosed or produced.

6.3     Designation of Protected Material.  Except as otherwise provided in this Order, designation of Protected Material in conformity with this Order requires:

(a)     for documents (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial documents), the Producing Party must affix, at a minimum, the word "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like scanned and produced.  During the inspection and before the designation, all the material made available for inspection shall be deemed Protected Material.  After the inspecting Party has identified the documents it wants scanned and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" designation to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions, before the close of the deposition, the Designating Party must specify on the record which portions of testimony it is designating as Protected Material.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days following receipt of the deposition

1 transcript to identify the specific portions of the testimony for which protection is
2 sought.  Only those portions of the testimony that are appropriately designated as
3 Protected Material within this 21-day period shall be covered by the provisions of
4 this Order.  Alternatively, a Designating Party may specify, at the deposition or up
5 to 21 days afterwards if that period is properly invoked, that the entire transcript
6 shall be treated as Protected Material.

A Party shall give the other Parties notice if it reasonably expects a deposition, hearing, or other proceeding to involve Protected Material so the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not affect its designation as Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the invoked 21-day period for designation shall be treated during that period as if it had been designated as Protected Material in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the word "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

1    6.4    Inadvertent Failures to Designate. If corrected within fifteen (15) business days, an inadvertent failure to designate qualified documents or information does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon a Producing Party timely making or correcting a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    Timing of Challenges. Any Party may challenge a confidentiality designation at any time that is consistent with the Court's Scheduling Order, and if there is none, Federal Rules of Civil Procedures and the Court's Local Rules. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

7.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of this Order. The Parties shall attempt to resolve each challenge in good faith through use of the procedures set forth in Local Rule 37-1 et seq., except that the conference of counsel may take place telephonically regardless of whether counsel are in the same county.

7.3    Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall attempt to arrange for a teleconference with the Court to attempt an informal resolution of the dispute. If

that is not successful or the Court declines to hold a teleconference, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rule 37-2 *et seq.* (and in compliance with Local Rule 79-5, if applicable) within 7 days of the teleconference with the Court or the Court's declination to hold a teleconference. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within the time frame set forth above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to treat the documents or information as Protected Material until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated,

a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated as "CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this Action, including employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) private court reporters and their staff to whom disclosure is reasonably necessary for this Action;

  (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the information set forth in the document;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary (unless otherwise ordered by the Court) provided that the witness and attorneys for witness (1) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) will not be permitted to keep or retain any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their support staff, mutually agreed upon by any of the Parties engaged in settlement discussions, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena, discovery request, or court order in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify, and in no event later than seven (7) days following receipt thereof, the Designating Party in writing. Such notification shall include a copy of the subpoena, discovery request, or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena, discovery request, or order to be served or issued in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable requests by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order shall not produce any information

designated in this Action as Protected Material before a determination by the court from which the subpoena or order issued or discovery request was served, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a Party is required, by a valid discovery request, to produce a Non-Party's confidential documents or information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential documents or information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party documents or information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1 *et seq.* or seek other appropriate

relief within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the appropriate court unless otherwise required by law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or facilitate their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties have negotiated a Discovery Stipulation, which is being submitted to the Court concurrent with this Order. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and the Parties' Discovery Stipulation. Additionally, subject to the provisions of Federal Rule of Evidence 502(d), privilege or protection is not waived by inadvertent disclosure

connected with the litigation pending before the Court and such disclosure is also not a waiver in any other federal or state proceeding.

## 13. MISCELLANEOUS

13.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the Court.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, to the greatest extent reasonably possible.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5.

### 15. **VIOLATIONS**

Any violation of this Order may be punished by all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

DATED: January 8, 2018

_____
Hon. Manuel L. Real
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full entity name, and business and email addresses], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Occidental Research Corporation, et al. v. Tamkin,* Case No. 2:17-cv-04621. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full entity name, business address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____