1  PIERCE O'DONNELL (SBN 81298)
   podonnell@greenbergglusker.com
2  PETER A. NYQUIST (SBN 180953)
   pnyquist@greenbergglusker.com
3  BRIAN E. MOSKAL (SBN 240704)
   bmoskal@greenbergglusker.com
4  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
5  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
6  Telephone:  310.553.3610
   Facsimile:   310.553.0687
7
8  Attorneys for Plaintiff and Counter-Defendant
   OCCIDENTAL RESEARCH CORPORATION and
   Plaintiff GLENN SPRINGS HOLDINGS, INC.

9
               UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA
11

12
   OCCIDENTAL RESEARCH                Case No. 2:17-cv-04621-R-PJW
13 CORPORATION, a California
   corporation; and GLENN SPRINGS     **DECLARATION OF JOHN A.**
14 HOLDINGS, INC., a Delaware         **CONNOR IN OPPOSITION TO**
   corporation,                       **TAMKIN FAMILY TRUST'S**
15                                     **MOTION FOR SUMMARY**
                                       **JUDGMENT OR, IN THE**
16            Plaintiffs,             **ALTERNATIVE, PARTIAL**
                                       **SUMMARY JUDGMENT**
17      v.

18 CURTIS TAMKIN, in his capacity as  Hearing Date:    August 20, 2018
19 Trustee of the Tamkin Family Trust Hearing Time:    10:00 a.m.
   dated August 23, 1979 and Successor Courtroom:       880, 8th Floor
20 Trustee of the Surviving Spouse Trust Judge:          Hon. Manuel L. Real
   U/D/T dated August 23, 1979; and Does
21 1-10,                              Discovery Cutoff: July 6, 2018
22                                     Pre-Trial Conf.:  August 6, 2018
            Defendants.               Trial Date:       September 4, 2018
23

24 AND RELATED COUNTERCLAIMS

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

I, JOHN CONNOR, declare:

1.      I am a retained expert in the above-entitled case entitled *Occidental Research Corporation, et al. v. Curtis Tamkin, et al.* (Case No. 2:17-cv-04621-R-PJW), currently pending in United States District Court for the Central District of California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2.      I am President of GSI Environmental Inc. ("GSI").  I received an M.S. in Civil Engineering from Stanford University and have 38 years of experience in environmental engineering, with specialization in environmental site investigation, human health and ecological risk assessment, corrective action design, and design and permitting of treatment facilities.  I am a registered Professional Engineer, a licensed Professional Geoscientist, and a Diplomat in the American Academy of Environmental Engineering.  A true and correct copy of my professional resume is attached hereto as <u>Exhibit A</u>.

3.      On or about April 12, 2018, GSI was retained by Greenberg, Glusker, Fields, Claman & Machtinger, LLP ("Greenberg Glusker"), counsel for Plaintiffs Occidental Research Corporation ("ORC") and Glenn Springs Holdings, Inc. ("GSH") (collectively, "Plaintiffs") in this action.  I was asked to evaluate environmental conditions at the former Occidental Research Corporation site located at 1855 Carrion Road in La Verne, California ("Former ORC Site"), as well as a property to the north at 1324/1330 Arrow Highway ("Tamkin Property"), owned by the Tamkin Family Trust ("Tamkin") and formerly operated by Victor Rubber Stamp Company, Inc. ("Victor Graphics").  Specifically, the scope of my investigation entailed identification of the likely source(s) of the groundwater impacts present beneath these two properties and the appropriate allocation of past and future groundwater investigation and remediation costs, based upon the cause of the impacts and other commonly applied considerations.  My investigation was directed toward assessing the likely sources of the groundwater impacts beneath the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

subject properties, estimating the mass of chemical contaminants associated with each source, and allocating the liability for the associated site investigation and remediation costs based upon this mass estimation and other factors.

4.      For the purpose of my evaluation, I reviewed extensive technical information regarding the operating histories and the environmental response activities performed at the two sites under the oversight of the Los Angeles Regional Water Quality Control Board ("Regional Board").  These documents include site investigation reports and associated data, regulatory agency correspondence, pilot tests and interim remedial measures and published information regarding relevant scientific and regulatory matters.  In addition, I conducted a visual inspection of the Former ORC Site and surrounding area on May 25, 2018.  A true and correct copy of the comprehensive list of documents I reviewed in support of my opinions is attached hereto as Exhibit B.

5.      On June 18, 2018, I submitted my expert report on behalf of Plaintiffs, entitled "Expert Opinion of John A. Connor, P.E., P.G., BCEE Regarding Environmental Conditions at the Former Occidental Research Corporation Site, La Verne, California" ("Connor Report"), a true and correct copy of which is attached hereto Exhibit C.

6.      Attached hereto as Exhibit D is my July 7, 2018 errata to the Connor Report.

7.      Of most relevance to the present motion, and as detailed in the Connor Report, based upon consideration of causation alone, for the full zone of impacted groundwater underling the Tamkin Property and the Former ORC Site, and the contiguous areas to the south and west, it my opinion that 90% of the liability for groundwater investigation and remediation lies with Tamkin, while 10% lies with ORC.  My detailed analysis of environmental measurements demonstrates that a northern source area, for which Tamkin is the responsible party, caused 100% of the mass and extent of the northern source plume and 50% of the mass and extent

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

of the commingled northern source and southern source plumes.  A separate southern source area caused the other 50% of the mass and extent of the commingled northern source and southern source plumes.  Mathematically combining the mass and extent of these two plumes results in 90% of the total groundwater impact corresponding to Tamkin and 10% corresponding to ORC. The share of Tamkin in the responsibility for the total plume could be increased based upon consideration of other equitable factors, such as the failure of Tamkin to act in a timely manner to address the groundwater impacts caused by the northern source area, and the burden on ORC to assume the costs to date for site investigation and remediation activities related to those groundwater impacts.

In addition, and also as further detailed in the Connor Report, it is my opinion that, on the ORC Site, site redevelopment will likely require the implementation of risk mitigation measures to address the potential for impacted groundwater and/or soil vapor to result in unacceptable risks to human health via the vapor intrusion pathway.  The potential human health risks associated with exposure to volatile organic compounds ("VOCs") in the subsurface that migrate to indoor air (i.e., vapor intrusion pathway) was previously evaluated at the Former ORC Site in a site-specific human health risk assessment, completed by Geosyntec Consultants in 2014 ("HHRA").  In that study, potential health risks associated with the vapor intrusion pathway were estimated for a future commercial worker, future resident, and future dormitory resident assuming the Former ORC site was redeveloped, based upon the assumption that no engineering or other controls were implemented to reduce or mitigate potential exposures.  The results of this HHRA found that the vapor intrusion risks for these three receptor categories were at or above the California Department of Toxic Substances Control's ("DTSC") risk management range, indicating that risk mitigation measures may be required.  GSH has initiated remedial actions at the Former ORC Site to reduce concentrations of VOCs in groundwater through enhanced in-situ bioremediation injections of nutrients and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

supplemental microorganisms.  Following the completion of remedial actions, data regarding changes to groundwater and soil vapor conditions commonly serve as a basis for updating the HHRA to determine if additional risk mitigation measures are necessary.

8.    In addition, for the reasons set forth in the Connor Report, it is also my opinion that the implementation of remedial actions at the Former ORC Site does not preclude the use of vapor intrusion mitigation measures at future onsite buildings.  Rather, risk management measures, such as the construction of future buildings with vapor intrusion mitigation measures, are typically implemented in conjunction with active remediation to protect human health.  The Regional Board has indicated that vapor intrusion mitigation measures, in addition to remedial actions, may be required at the former ORC Site to "to mitigate the vapor intrusion threat and protect human health" in Cleanup and Abatement Order No. R4-2012-0135, with the potential requirement for the preparation and implementation of a Vapor Intrusion Mitigation Plan.

I declare under penalty of perjury under the laws of the United States and State of California that the foregoing is true and correct.

Executed this 30th day of July, 2018, at <u>Seabeck, Washington</u>.

_____
John A. Connor

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590