PIERCE O'DONNELL (SBN 81298)
podonnell@greenbergglusker.com
PETER A. NYQUIST (SBN 180953)
pnyquist@greenbergglusker.com
BRIAN E. MOSKAL (SBN 240704)
bmoskal@greenbergglusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Facsimile: 310.553.0687

Attorneys for Plaintiff and Counter-Defendant
OCCIDENTAL RESEARCH CORPORATION and
Plaintiff GLENN SPRINGS HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCCIDENTAL RESEARCH CORPORATION, a California corporation; and GLENN SPRINGS HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CURTIS TAMKIN, in his capacity as Trustee of the Tamkin Family Trust dated August 23, 1979 and Successor Trustee of the Surviving Spouse Trust U/D/T dated August 23, 1979; and Does 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-04621-R-PJW<br><br>**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF CDM SMITH CONSULTANTS**<br><br>Pre-Trial Conf.: August 6, 2018<br>Trial Date: September 4, 2018<br>Judge: Hon. Manuel L. Real |

## I. INTRODUCTION

Plaintiff and Counter-Defendant Occidental Research Corporation and Plaintiff Glenn Springs Holdings, Inc. (collectively, "Plaintiffs") bring this Motion *in Limine* seeking an order precluding defendant Curtis Tamkin ("Tamkin") from offering any expert opinion testimony of Dave Chamberlin and Bill Fernandez of CDM Smith, Inc. (the "CDM consultants") at trial.[1] This motion is brought on the grounds that (1) Tamkin misclassified the CDM consultants as <u>non-retained</u> experts in Tamkin's initial Disclosure of Expert Testimony served on June 18, 2018, when in reality Tamkin had actually engaged the CDM consultants some 10 to 14 months ago to provide expert opinion testimony at trial; (2) Tamkin failed to provide timely expert witness reports for the CDM consultants; and (3) Tamkin has objected to the entirety of Plaintiffs' deposition subpoenas seeking production of the files of the CDM consultants relating to their purported expert testimony and has failed to produce documents relating to their purported expert testimony.

Accordingly, Plaintiffs request that pursuant to Rule 37 of the Federal Rules of Civil Procedure the Court issue an order excluding the CDM consultants from testifying as expert witnesses at trial, and precluding Tamkin's other experts from relying upon any expert opinions developed by the CDM consultants, as a sanction for Tamkin's failure to comply with the discovery deadlines.

## II. FACTUAL BACKGROUND

The parties agreed to make their initial designations of expert witnesses on June 18, 2018. On that date, Tamkin designated the CDM consultants as "non-retained experts" under Fed. R. Civ. P. ("Rule") 26(a)(2)(C). *See* Defendant's Disclosure of Expert Testimony, attached as Ex. 1 to Declaration of Jonathan B. Sokol ("Sokol Decl."), pp. 5-6, filed herewith. Tamkin provided the same

---

[1] Plaintiffs do not seek to preclude the CDM consultants from testifying as percipient witnesses at trial.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  disclosure for each witness.  Regarding the subject matter of their expected
2  testimony, Tamkin stated that each witness "is expected to testify regarding the
3  nature and extent of contamination at and around the Former Victor Graphics Site
4  and the Former ORC Site, contaminant fate and transport, past and future responses
5  costs, testing and investigation as well as methodologies used in their analysis of
6  the same."  Sokol Decl., Ex. 1, pp. 5-6.  For both witnesses, Tamkin failed to
7  provide a summary of the facts and opinions to which the CDM consultants were
8  expected to testify, notwithstanding the explicit obligation to do so under Rule
9  26(a)(2)(C).  Tamkin also failed to provide an expert report for either witness.

10  Therefore, Plaintiffs' counsel had no idea what expert opinion testimony the
11  CDM consultants were going to provide at trial, purportedly as non-retained
12  experts, until Plaintiffs took the deposition of Bill Fernandez on July 17 – nearly a
13  month later.   Before the deposition, Plaintiffs served deposition subpoenas on the
14  CDM consultants requiring them to produce all of their documents relating to their
15  anticipated expert opinion testimony at trial, including documents relating to their
16  compensation for providing expert testimony.  *See* Subpoenas, attached as Ex. 2 to
17  Sokol Decl.  Tamkin served blanket objections to the subpoenas and to date the
18  CDM consultants have failed to provide any of the requested documents.  See
19  Defendant's Objections to Subpoenas, attached as Ex. 3 to Sokol Decl.

20  Mr. Fernandez disclosed during his July 17 deposition that Tamkin had
21  actually retained CDM Smith, Inc. to develop expert opinion testimony for trial
22  approximately 10 to 14 months before his deposition.  Fernandez Deposition,
23  33:14-23, attached as Ex. 4 to Sokol Decl.  Mr. Fernandez also testified that all of
24  CDM Smith, Inc.'s opinions had been developed over the preceding 10 to 14 for
25  purposes of the litigation:

26  "Q. Are those opinions like the other ones you've given here today, opinions
27  that you've developed over the last ten to fourteen months for purposes of the
28  litigation?

2

PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF CDM SMITH CONSULTANTS

62352-00003/3050055.7

1  A. That's correct."

2  Fernandez depo., 60:14-18, Ex. 4 to Sokol Decl.

3  As experts who were engaged to develop opinions for trial, the CDM consultants were clearly required to provide signed expert witness reports under Rule 26(a)(2)(B) at the time of their initial designation, which they failed to do.

Mr. Fernandez has never provided an expert report. Sokol Dec., ¶7. On July 11, 2018, Tamkin served a Rebuttal Expert Disclosure that designated Mr. Chamberlin as a rebuttal expert without providing any other information about his anticipated testimony. *See* Defendant's Rebuttal Expert Disclosure, attached as Ex. 5 to Sokol Decl. On July 18, 2018, Tamkin produced an <u>unsigned</u> 35-page report for Mr. Chamberlin entitled "Expert Rebuttal Report." Ex. 6 to Sokol Decl. Mr. Chamberlin's belated expert report, while purporting to address matters in rebuttal to Plaintiffs' expert opinions, essentially addresses the same subjects as his initial designation as a "non-retained expert."

Mr. Chamberlin was initially designated an affirmative expert regarding "the nature and extent of contamination at and around the Former Victor Graphics Site and the Former ORC Site, contaminant fate and transport, past and future responses costs, testing and investigation as well as methodologies used in their analysis of the same." Sokol Decl., Ex. 1, pp. 5-6. The purported rebuttal report addresses those same subjects, offering affirmative opinions on the nature and extent of contamination attributable to each site, fate and transport of contamination from the sites, past and future response costs and plume mass calculations of the commingled plume beneath the ORC site. Ex. 6 to Sokol Decl. Mr. Fernandez also testified during his deposition that he and Mr. Chamberlin started formulating the opinions contained in the purported rebuttal report some 10 to 14 months before the deposition – approximately a full year before the parties designated their experts on June 18, 2018. Fernandez depo., 19:13-23 to 20:1-6, Ex. 4 to Sokol Decl.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

On July 17, 2018, Plaintiffs informed Tamkin that they were taking the deposition of Mr. Chamberlin off-calendar based on Tamkin's failure to comply with the expert disclosure requirements of Rule 26. Ex. 7 to Sokol Decl.

## III. ARGUMENT

### A. The CDM Consultants Should Be Excluded From Testifying As Experts For Failing To Provide Timely Written Expert Reports And Documents Relating To Their Opinions

Based on the deposition testimony of Mr. Fernandez, it is clear that Tamkin improperly classified the CDM consultants as non-retained experts in his initial expert disclosure. Mr. Fernandez testified that CDM was retained on behalf of Tamkin approximately 10 to 14 months ago to provide expert opinion testimony for trial regarding the subjects disclosed for the CDM consultants in Tamkin's initial expert disclosure. The CDM consultants constitute retained experts for which Tamkin had an obligation to provide timely, signed Rule 26(a)(2)(B) reports at the time of their initial disclosure. *See Goodman v. Staples the Office Superstore, Ltd. Liab. Co.*, 644 F.3d 817, 826 (9th Cir. 2011). Tamkin's failure to timely disclose the CDM consultants as retained experts and to provide timely, signed Rule 26 expert reports demonstrates a blatant disregard for the expert witness disclosure obligations set forth in Rule 26.

Despite being notified that defendant had failed to provide timely expert reports that complied with Rule 26(a)(2)(B), Tamkin has still failed to provide Rule 26 compliant reports for the CDM consultants. No reports for Mr. Fernandez have ever been provided. The only report provided for Mr. Chamberlin is an unsigned report that was not produced until July 18, after the close of discovery, when Tamkin designated Mr. Chamberlin as a purported rebuttal expert. However, Tamkin had already retained and designated Mr. Chamberlin as an expert on the same subject matters when Tamkin served his initial expert disclosure. Tamkin cannot avoid his obligation to provide a timely, signed expert report for a retained

expert by mischaracterizing the expert as a rebuttal expert on the same subject matters as his initial designation. Indeed, Mr. Fernandez testified in his deposition that CDM began working on Mr. Chamberlin's expert report some 10 to 14 months earlier.

Tamkin has failed to provide a timely expert report regarding the opinions developed by CDM for trial and the purported facts and data underlying such opinions. There is no justification for Tamkin's blatant failure to comply with its expert disclosure obligations under Rule 26(a). Moreover, Tamkin's inexcusable failure to comply with its disclosure obligations has prejudiced Plaintiffs by preventing its counsel from preparing for the depositions of the CDM consultants, including having Plaintiffs' experts analyze and provide timely input regarding the opinions of the CDM witnesses and from meaningfully deposing and cross-examining these purported experts regarding their opinions and the purported basis for such opinions.

All the parties' main experts have also been deposed without having the opportunity to evaluate the purported opinions and written work product of the CDM consultants regarding mass volume and fate and transport, which were apparently still a "work in progress" at the time of Mr. Fernandez's deposition – after more than 10 to 14 months of work. Given the proximity of the trial date, Plaintiffs' counsel should not have to spend time scrambling with its experts to analyze and prepare further expert testimony, or to rebut expert testimony that Tamkin has been dilatory in providing for months. Tamkin has also objected to Plaintiffs' subpoenas to the CDM consultants and failed to provide documents relating to the opinions of the CDM consultants, which are essential to prepare for and to conduct a meaningful cross-examination of these witnesses.

Under Rule 37(c)(1), a party that without substantial justification fails to properly disclose its experts and their reports is not permitted to use such expert testimony at trial. Here, Tamkin can offer no justification, substantial or otherwise,

for failing to provide timely compliant expert reports for the CDM consultants. Exclusion of any expert testimony of the CDM consultants is appropriate pursuant to Rule 37(c)(1) for Tamkin's failure to comply with Rule 26(a)(2)(B)'s requirement to provide a compliant expert report. As explained by the Ninth Circuit in *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001): "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *See also* Advisory Committee Notes to Rule 26 (1993) ("Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.")

In determining whether to exclude expert testimony for failing to comply with Rule 26(a), the district court is given "particularly wide latitude." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Indeed, Rule 37(c)(1), implemented in 1993, is a "recognized broadening of the sanctioning power." *Id.* It is "a 'self-executing,' 'automatic' sanction 'to provide a strong inducement for disclosure of material.'" *Id.* (citing 1993 Advisory Committee Notes to Rule 37). Exclusion of the expert testimony is appropriate "even when the litigant's entire cause of action or defense has been precluded" and "even absent a showing in the record of bad faith or willfulness." *Id.* For example, in *Yeti by Molly,* the Ninth Circuit upheld that exclusion of the defendant's only expert witness on damages as a sanction for failing to provide his expert report until after close of discovery and 28 days prior to trial. *Yeti Molly, Ltd.*, 259 F.3d at 1106-07. Here, Tamkin likewise did not provide an expert report for Mr. Chamberlin until after the close of discovery and just over a month before trial.

The only exceptions to the automatic exclusion of the expert testimony are if the parties' failure to disclose the required information is substantially justified or harmless. Rule 37(c)(1). Here, Tamkin cannot meet his burden of proof to show

that either exception applies. *See e.g.*, *Yeti by Molly, Ltd.*, 259 F.3d at 1107 (party facing sanctions for belated disclosure has the burden to show failure was either justified or harmless).

Tamkin has no justification, much less substantial justification, for failing to provide timely, signed expert reports for the CDM consultants. Tamkin retained the CDM consultants to prepare an expert report of their opinions developed for trial 10 to 14 months ago and the report was not even complete by the time of Mr. Fernandez's deposition.

Nor can Tamkin show that his failure to comply with Rule 26(a) is harmless. Tamkin's failure to comply with Rule 26(a) precluded Plaintiffs' experts from seeing and analyzing Mr. Chamberlin's opinions before Tamkin's counsel had the opportunity to depose Plaintiffs' experts as to both their affirmative opinions and their rebuttal opinions. The late production of the report would require Plaintiffs' counsel and their experts to focus on developing rebuttals to the opinions in the late report in order to depose Mr. Chamberlin, when Plaintiffs' counsel should be able to focus on preparing for trial.

Moreover, Tamkin's failure to produce documents relating to the development of the opinions in the late report prevents Plaintiffs from even taking a complete deposition of Mr. Chamberlin. This will necessarily prejudice Plaintiffs' counsel in preparing to take his deposition. As the Advisory Committee Notes indicate, two of the purposes served by requiring written expert reports are to reduce the length of the deposition of such experts "and eliminate the need for a deposition." Advisory Committee Notes to Rule 26 (1993).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order precluding Tamkin from calling the CDM consultants as expert witnesses

///

///

at trial and precluding Tamkin's other experts from relying upon any opinions developed by CDM Smith, Inc. for purposes of the litigation.

DATED: July 30, 2018

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Peter A. Nyquist*
PIERCE O'DONNELL
PETER A. NYQUIST
BRIAN E. MOSKAL
Attorneys for Plaintiff and Counter-Defendant Occidental Research Corporation and Plaintiff Glenn Springs Holdings, Inc.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

8

PLAINTIFFS' MOTION *IN LIMINE* TO
EXCLUDE EXPERT TESTIMONY OF
CDM SMITH CONSULTANTS

62352-00003/3050055.7