PIERCE O'DONNELL (SBN 81298)
podonnell@greenbergglusker.com
PETER A. NYQUIST (SBN 180953)
pnyquist@greenbergglusker.com
BRIAN E. MOSKAL (SBN 240704)
bmoskal@greenbergglusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Facsimile: 310.553.0687

Attorneys for Plaintiff and Counter-Defendant
OCCIDENTAL RESEARCH CORPORATION and
Plaintiff GLENN SPRINGS HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCCIDENTAL RESEARCH CORPORATION, a California corporation; and GLENN SPRINGS HOLDINGS, INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>CURTIS TAMKIN, in his capacity as Trustee of the Tamkin Family Trust dated August 23, 1979 and Successor Trustee of the Surviving Spouse Trust U/D/T dated August 23, 1979; and Does 1-10,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:17-cv-04621-R-PJW<br><br>**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE CDM SMITH, INC. INVOICES**<br><br>Pre-Trial Conf.: August 6, 2018<br>Trial Date:  September 4, 2018<br>Judge:   Hon. Manuel L. Real |

## I. INTRODUCTION

Plaintiff and Counter-Defendant Occidental Research Corporation ("ORC") and Plaintiff Glenn Springs Holdings, Inc. ("GSH") (collectively, "Plaintiffs") bring this Motion *in Limine* seeking an order precluding Defendant Curtis Tamkin, in his capacity as Trustee of the Tamkin Family Trust dated August 23, 1979 and Successor Trustee of the Surviving Spouse Trust U/D/T dated August 23, 1979 ("Tamkin"), from offering at trial (1) the cost invoices from its environmental investigation and remediation consultant, CDM Smith, Inc. ("CDM Smith"), that Tamkin produced on August 2, 2018; (2) any other cost invoices not produced to date unless such invoices were newly generated and not previously available to Tamkin; and (3) testimony from any witness offered by Tamkin regarding such cost invoices or the costs reflected in them.

This motion is brought on the grounds that:

(1) Tamkin failed to produce CDM Smith's invoices until August 2, 2018, almost a month after the close of fact discovery on July 6, 2018, despite the fact that these invoices date back to 2011 and thus were available to Tamkin before the discovery cutoff;

(2) Plaintiffs requested these invoices months before the discovery cutoff and even moved to compel production of all documents Tamkin had not produced, specifically including documents supporting Tamkin's damages claim, but Tamkin represented in its response to Plaintiffs' motion to compel that it had produced all documents responsive to Plaintiffs' document requests; and

(3) Plaintiffs are seriously prejudiced by this late disclosure because (a) Plaintiffs' damages expert did not have the opportunity to review and evaluate the CDM Smith invoices before issuing his June 18, 2018 expert report or sitting for his July 6, 2018 deposition, and thus had no opportunity to opine on recoverability of these costs under Tamkin's counterclaim brought under the Comprehensive Environmental Response, Compensation, and Liability Act

("CERCLA"); and (b) trial preparation is well underway, with Plaintiffs' resources focused on other matters. Tamkin should not be permitted to engage in "trial by ambush."

Accordingly, Plaintiffs request that, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, the Court issue an order excluding Tamkin from offering into evidence at trial: (1) the CDM Smith invoices produced on August 2, 2018; (2) any other cost invoices not produced to date unless such invoices were newly generated and not previously available to Tamkin; and (3) testimony from any witness offered by Tamkin regarding these cost invoices or the costs purportedly reflected in them, as a sanction for Tamkin's failure to comply with the discovery deadlines and Tamkin's misrepresentation that it had produced all documents responsive to ORC's document request regarding damages.

## II. FACTUAL BACKGROUND

Tamkin served its Initial Disclosures on December 27, 2017. *See* Declaration of Brian E. Moskal in Support of Plaintiffs' Motion *in Limine* to Exclude CDM Smith, Inc. Invoices filed herewith ("Moskal Decl."), Exh. A. In its Initial Disclosures, Tamkin claimed it sought damages on its CERCLA counterclaim against Plaintiffs in the amount of $991,314.09, which included "[a]ll amounts paid to environmental consultants for work in connection with remediation of the Former Victor Graphics Site [i.e., the Tamkin Property]: $948,924.89." Moskal Decl., Exh. A, p. 8. Tamkin represented that "[s]upporting invoices and other documentation of the above response costs, to the extent currently available, will be produced to Plaintiffs in Defendant's first production of documents." *Id.*, p. 9.

Tamkin served First Amended Initial Disclosures on January 18, 2018. Moskal Decl., Exh. B. Tamkin disclosed the same alleged amount and description of costs as in its Initial Disclosures. Moskal Decl., Exh. B, pp. 8-9. Tamkin again represented that "[s]upporting invoices and other documentation of the above

1 response costs, to the extent currently available, will be produced to Plaintiffs in
2 Defendant's first production of documents."

3       That same day, January 18, 2018, Tamkin produced its first set of documents
4 as part of its initial disclosures. Moskal Decl., Exh. C. These documents did not
5 include any invoices from CDM Smith. Moskal Decl., ¶ 7.

6       On March 9, 2018, ORC served its First Request for Production of
7 Documents to Tamkin. Moskal Decl., Exh. D. Request No. 2 sought "[a]ll
8 documents relating to your alleged damages or response costs, as referenced in
9 Section III of Defendant's First Amended Initial Disclosures, served on January 18,
10 2018." *Id.*, p. 5. Tamkin served its Amended Responses to ORC's Request for
11 Production of Documents on April 25, 2018, stating with respect to Request No. 2:
12 "respondent identifies the invoices provided by . . . CDM Smith and will produce
13 said documents." Moskal Decl., Exh. E, p. 2.

14       Tamkin produced documents in connection with its response to ORC's first
15 set of document requests on April 27, 2018. Moskal Decl., ¶ 10. These documents
16 did not include any CDM Smith invoices. *Id.*

17       On June 11, 2018, ORC filed its Motion to Compel Defendant Curtis Tamkin
18 to Provide Further Discovery Responses and Produce Documents pursuant to the
19 joint stipulation procedure of Local Rule 36. Dkt. 36. ORC's motion to compel
20 states: "With the Discovery Cut-Off of July 6, 2018 fast approaching, Tamkin
21 should be compelled to provide further responses ***and produce all responsive***
22 ***documents immediately*** and without objection." Dkt. 36, p. 1 (emphasis added).
23 ORC's motion was set for hearing on July 2, 2018, before the discovery cut-off of
24 July 6, 2018, and was taken under submission by the Court without oral argument
25 on June 28, 2018. Dkt. 36, 40. In the Joint Stipulation re Motion to Compel, ORC
26 argued regarding Request No. 2 – the request that encompassed the CDM Smith
27 invoices – that "as of the date ORC submitted its portion of this Joint Stipulation to
28 Tamkin, May 25, 2018, counsel for Tamkin has not . . . produced additional

3

PLAINTIFFS' MOTION *IN LIMINE* TO
EXCLUDE CDM SMITH COST INVOICES
CASE NO. 2:17-CV-04621-R-PJW

documents, or advised ORC that Tamkin has no additional responsive documents to produce after a reasonable search and diligent inquiry." Dkt. 36-1, pp. 61-62.

In the Joint Stipulation re Motion to Compel, Tamkin represented that it had produced all documents responsive to Request No. 2: "During the extensive meet and confer telephone conversations and the discovery responses [sic], ***Plaintiff's counsel was advised repeatedly that all responsive documents have been produced*** . . . . It appears that Plaintiff is simply attempting to ***manufacture issues where none exist*** . . . ." Dkt. 36-1, p. 62 (emphasis added).

Despite Tamkin's representation that it had produced all documents responsive to Request No. 2, on August 2, 2018, Tamkin produced 748 pages of CDM Smith cost invoices and related documents. Moskal Decl., ¶ 12.

Plaintiffs' damages expert, Jeffrey Zelikson, produced his affirmative expert report on June 18, 2018.[1] Moskal Decl., Exh. F. Tamkin deposed Mr. Zelikson on July 6, 2016. Moskal Decl., ¶ 12. Thus, Mr. Zelikson did not have the opportunity to review and evaluate the CDM Smith cost invoices produced on August 2, 2018 before he drafted his expert report and gave his deposition. Mr. Zelikson is an expert on the compliance of environmental response costs with the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 42 C.F.R. Part 300. Moskal Decl. Exh. F. Such compliance is an essential element of Tamkin's counterclaim under CERCLA. *See County Line Inv. Co. v. Tinney*, 933 F.2d 1508, 1517 & n.13 (10th Cir. 1991) (holding that "consistency with the NCP is an element of a CERCLA contribution claim").

## III. <u>ARGUMENT</u>

Under Rule 37(c)(1), a party that without substantial justification fails to provide information is not permitted to use such information at trial. Here, Tamkin

---

[1] Mr. Zelikson also provided a supplemental expert report on July 19, 2018 regarding on the limited subject of Plaintiffs' payment of the costs evaluated in his June 18, 2018 expert report.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

can offer no justification, substantial or otherwise, for failing to produce the CDM Smith invoices, which date back to 2011, until yesterday. Exclusion of these documents and any other invoices available to Tamkin but not yet produced, and testimony regarding the costs reflected in such invoices, is appropriate pursuant to Rule 37(c)(1) for Tamkin's failure to comply with its discovery obligations. Indeed, by failing to produce the CDM Smith invoices until yesterday, Tamkin has flouted at least three of its discovery obligations.

First, Tamkin violated the requirement in Rule 26(a)(1)(A)(iii) that a party "must, *without awaiting a discovery request*, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party – *who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based* . . . ." (Emphasis added.) Tamkin flagrantly violated Rule 26 by not producing the CDM Smith cost invoices until yesterday, almost one month after the discovery cutoff and more than seven months after serving its Initial Disclosures. *See* Dkt. 28 (setting July 6, 2018 as the discovery cutoff).

Second, Tamkin violated the provision of Rule 26(e) that "[a] party who has made a disclosure under Rule 26(a) – or who has responded to [a] . . . request for production . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."

Third, Tamkin violated Rule 34. He was also obligated to produce these invoices in response to Request No. 2 of ORC's first document request, which specifically sought documents related to Tamkin's purported damages identified in its First Amended Initial Disclosures. *See* Moskal Decl., Exh. D. Not only did Tamkin fail to produce the CDM Smith invoices in response to that request, but in its response to ORC's motion to compel production of all responsive documents not yet produced, including the CDM Smith cost invoices, Tamkin represented that

1    "*Plaintiff's counsel was advised repeatedly that all responsive documents have
2    been produced . . . .*" Dkt. 36-1, p. 62 (emphasis added).

3        The Court has wide latitude under Rule 37 to exclude documents from
4    evidence due to a party's failure to timely produce them. *See Yeti by Molly, Ltd. v.*
5    *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("we give particularly
6    wide latitude to the district court's discretion to issue sanctions under Rule
7    37(c)(1)"). Indeed, Rule 37(c)(1), promulgated in 1993, is a "recognized
8    broadening of the sanctioning power." *Id.* It is "a 'self-executing,' 'automatic'
9    sanction 'to provide a strong inducement for disclosure of material.'" *Id.* (citing
10    1993 Advisory Committee Notes to Rule 37). Exclusion is appropriate "even when
11    the litigant's entire cause of action or defense has been precluded" and "even absent
12    a showing in the record of bad faith or willfulness." *Id.* "This automatic sanction
13    provides a strong inducement for disclosure of material that the disclosing party
14    would expect to use as evidence, whether at trial, at a hearing, or on a motion."
15    *James Stewart Entertainment, LLC v. L&M Racing, LLC*, 2013 WL 12248416, at
16    *2, *5 (C.D. Cal. June 28, 2013) (granting motion to exclude documents produced
17    after the discovery cutoff pursuant to Rules 26(e) and 37(c)).

18        The only exceptions to the automatic exclusion of these late-produced
19    documents is if Tamkin's failure to timely produce them is substantially justified or
20    harmless. *See* Rule 37(c)(1). Here, Tamkin cannot meet its burden of proof to
21    show that either exception applies. *See Yeti by Molly, Ltd.*, 259 F.3d at 1107 (party
22    facing sanctions for belated disclosure has the burden to show failure was either
23    justified or harmless).

24        Tamkin has no justification, much less substantial justification, for failing to
25    produce these invoices until yesterday. The invoices date back to 2011. Moskal
26    Decl., ¶ 14. The most recent invoice is dated June 11, 2018, almost one month
27    before the discovery cutoff. *See* Moskal Decl., ¶ 14. There is simply no reason
28    Tamkin could not have produced these invoices before the discovery cutoff.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Tamkin also cannot show that its failure to comply with its discovery obligations is harmless. Tamkin's failure to comply with Rules 26(a), 26(e), and 34 precluded Plaintiffs' damages expert from reviewing and analyzing Tamkin's purported environmental response costs before Plaintiffs' damages expert issued his expert report on June 18, 2018 and sat for deposition on July 6, 2018. Permitting Tamkin to offer these or other unproduced invoices (or testimony regarding them) into evidence at trial would require Plaintiffs' counsel and their damages expert experts to focus on reviewing and analyzing these invoices, potentially issue a further expert report, and sit for another deposition, when Plaintiffs' counsel and experts should be able to focus on preparing for trial.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order precluding Tamkin from offering at trial (1) the cost invoices from its environmental investigation and remediation consultant, CDM Smith, Inc. ("CDM Smith"), that Tamkin produced on August 2, 2018; (2) any other cost invoices not produced to date unless such invoices were newly generated and not previously available to Tamkin; and (3) testimony from any witness offered by Tamkin regarding such invoices or costs reflected in them.

DATED: August 3, 2018

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: */s/ Peter A. Nyquist*
    PIERCE O'DONNELL
    PETER A. NYQUIST
    BRIAN E. MOSKAL
    Attorneys for Plaintiff and Counter-Defendant Occidental Research Corporation and Plaintiff Glenn Springs Holdings, Inc.